John W. Mason, Mary Taylor Zick, Dearborn, Mich., for plaintiff.

Noel A. Gage, Russell F. Ethridge, Bushnell, Gage, Docatoroff & Reizen, Southfield, Mich., for defendant.

**Henry Thomas PEDIGO, Plaintiff,**

v.

**DEUTZ CORPORATION, a foreign corporation, Defendant.**

Civ. A. No. 82–60332.

United States District Court,
E.D. Michigan, S.D.

March 19, 1984.

### ORDER

JOINER, District Judge.

This matter is before the Court on the defendant's Motion for Costs and Attorney Fees under 28 U.S.C. § 1332(b). For the reasons given below, the motion is granted in part and denied in part.

This case was filed by the plaintiff in this Court and tried to a jury, and the plaintiff obtained a verdict in the amount of $6,500. Jurisdiction was based upon diversity of citizenship and the defendant seeks costs under 28 U.S.C. § 1332(b):

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

In support of the motion, the defendant says that it repeatedly pointed out during the pre-trial proceedings the fact that the claim in this case could not reasonably amount to $10,000.

The issue was again raised at the pre-trial conference with the Court, when the parties were reviewing the claims which were to be presented at trial, and by way of motion for directed verdict at the end of the plaintiff's proofs. Consequently, the plaintiff had notice throughout the proceedings of the possible lack of jurisdictional amount.

Federal courts are courts of limited jurisdiction. The amount in controversy in § 1332 was increased specifically to limit diversity jurisdiction to cases where the claim was sufficiently large to warrant federal intrusion into matters which concerned state and common law issues.

The penalty provision in § 1332(b) is designed to deter plaintiffs from filing cases in federal court when the amount in controversy is, or is likely to be, less than $10,000.

■ In the present case the issue of possible, if not probable, lack of jurisdictional amount was present throughout and the Court is persuaded that assessing costs against the plaintiff is appropriate.

■ The second portion of the motion seeks attorney fees under 28 U.S.C. § 1927. This request is without merit. The facts do not support an independent claim for attorney fees under § 1927, and § 1332(b) is not drafted in such a way as to permit the inclusion of attorney fees as a part of the costs there allowed.

Therefore, the defendant's motion for costs is granted and it may submit a bill of costs to the clerk for review. The motion for attorney fees is denied.

SO ORDERED.